an attorney for essential portions of his trial."

In the absence of a bill of exception, only the allegations of the motion for new trial alleging jury misconduct on the receipt of new evidence by the jury during their deliberations may be considered under Article 760e, Vernon's Ann. C.C.P.

Under the provisions of Article 776, C.C. P., when the defendant has no counsel the court shall inform him of his right to make application for suspension of sentence and shall appoint counsel to prepare and present the application. Noble v. State, 112 Tex.Cr.R. 541, 17 S.W.2d 1063; Arsola v. State, 138 Tex.Cr.R. 1, 133 S.W.2d 585.

The trial judge did appoint counsel, and the application was presented, the evidence heard, and counsel so appointed cross-examined witnesses for the State, offered witnesses in appellant's behalf and made an argument to the jury. But appellant complains that counsel was not appointed until the jury had been selected.

Under Article 776, C.C.P., the trial court is not required to appoint counsel to defend generally, but only to assist in the filing and presenting of the application. Brown v. State, 126 Tex.Cr.R. 199, 71 S.W. 2d 284.

Further, it appears from the record that the court himself examined the panel for the appellant, and the district clerk helped him strike the jury list. When the appellant was called upon to plead to the indictment, he plead guilty. The court halted the trial, appointed the Honorable A. J. Smith, Sr., a lawyer of many years' experience, to represent the appellant, and he did so. The record does not reveal at what stage of the trial the application for suspended sentence was filed. The statute requires that it be filed before announcement, but the judge in his discretion may permit it to be filed at any time before the argument.

It is clear from the record that the appellant was given ample opportunity to secure witnesses at the time his case was set some weeks prior to the trial, was informed of his right to and did apply for suspension of sentence, was represented by counsel during the development of the evidence and argument, and the issue of suspending his sentence was submitted to the jury and by them rejected.

Finding no reversible error, the judgment of the trial court is affirmed.

## BALDWIN v. STATE.

### No. 26904.

Court of Criminal Appeals of Texas.

March 24, 1954.

No attorney on appeal for appellant.

Wesley Dice, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $50.

The record contains no notice of appeal, and this Court is without jurisdiction.

The appeal is dismissed.